```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                          TAMPA DIVISION
```

CHARLES GIBSON, JR.,

        Plaintiff,

v.                            Case No. 8:11-cv-949-T-33TGW

GEZA SCAP and JGS PROPERTIES, LLC,

        Defendants.
_____/

## **ORDER**

This matter is before the Court pursuant to Defendants' Motion to Dismiss Plaintiff's Complaint for Lack of Personal Jurisdiction and Improper Venue (Doc. # 3), filed on April 29, 2011. Plaintiff filed a response in opposition to the motion to dismiss on June 24, 2011. (Doc. # 16). Also before the Court is Defendants' Motion to Transfer (Doc. # 17), filed on June 24, 2011. Plaintiff filed a response in opposition to the motion to transfer on July 5, 2011. (Doc. # 25). The Court heard oral arguments on the motions on February 23, 2012. At the hearing, the Court directed Defendants to file supplemental evidence regarding their motions. (Doc. ## 69, 70). Defendants filed their supplemental evidence on March 7, 2012 (Doc. ## 73, 74), and Plaintiff filed a response and supplemental evidence on March 21, 2012 (Doc. # 76). For the reasons that follow, the Court grants the Motion to Transfer

and denies the Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue as moot.

I. **Background**

Plaintiff Charles Gibson, Jr. is a Florida resident who has alleged that his principal place of business is Hillsborough County, Florida. (Doc. # 2). Defendant, Geza Scap, is a resident of Connecticut, and Defendant JGS Properties is a limited liability company with its principal place of business in Fairfield County, Connecticut. (Id.).

On April 11, 2011, Plaintiff filed his complaint in state court containing the following counts against both Defendants: (1) breach of contract, (2) civil fraud, and (3) unjust enrichment. (Doc. # 2). Defendants timely removed the action to this Court based on diversity jurisdiction on April 29, 2011. (Doc. # 1). Plaintiff contends that the parties entered into an oral agreement to purchase the assets of a bankrupt company and to use those assets to start a business venture in Lakeland, Florida. (Doc. # 2). Plaintiff alleges that after the assets were purchased, Defendants disclaimed that Plaintiff was a business partner and retained all the assets, thereby breaching the parties' alleged oral agreement. (Id.).

On April 29, 2011, Defendants filed their motion to dismiss for lack of personal jurisdiction and improper venue.

(Doc. # 3). Defendants filed a Motion to Transfer based on improper venue on June 24, 2011. (Doc. # 17).

**II. <u>Legal Standard</u>**

Transfer of venue is governed by 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The Supreme Court has commented on § 1404(a), noting that "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to individualized, case-by-case consideration of convenience and fairness." <u>Stewart Org., Inc. v. Ricoh Corp.</u>, 487 U.S. 22, 29 (1988).

**III. <u>Analysis</u>**

Defendants ask this Court to transfer this case to the United States District Court for the District of Connecticut pursuant to 28 U.S.C. § 1404(a). (Doc. # 17 at 3). Such a decision is within the broad discretion of this Court. <u>See Am. Aircraft Sales v. Airwarsaw, Inc.</u>, 55 F. Supp. 2d 1347, 1351 (M.D. Fla. 1999).

As a threshold matter, the Court must consider whether this action could have been brought in the District of Connecticut. An action could have been brought in the proposed transferee court if "(1) the court had jurisdiction

over the subject matter of the action; (2) venue is proper there; and (3) the defendant is amenable to process issuing out of the transferee court." Windmere Corp. v. Remington Prods., Inc., 617 F. Supp. 8, 10 (S.D. Fla. 1985).

Here, Plaintiff could have filed this case in the District of Connecticut because Scap is a resident of Connecticut and JGS Properties has its principal place of business there. The Court therefore turns to the relevant factors governing transfer of venue.

The Eleventh Circuit has outlined the following factors for determining whether to transfer under § 1404(a):

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

Manuel v. Convergys Corp., 430 F. 3d 1132, 1135 (11th Cir. 2005). As movant, Defendants bear the burden of establishing that the District of Connecticut is a more convenient forum. In re Ricoh Corp., 870 F.2d 570, 573 (11th Cir. 1989).

Upon due consideration, the Court finds that Defendants have met their burden. Defendants point out that several of the key witnesses identified by Plaintiff including Defendant

-4-

Scap, Julie Scap and George Mescaros, are all affiliated with JGS Properties, and are all located in or near Connecticut (Doc. # 17 at 4). Plaintiff counters that many of the individuals he intends to call as witnesses are Florida residents. (Doc. # 25 at 1). However, on balance, the Court finds Defendants' arguments more persuasive.

Defendants contend that they do not own or lease any real property in Florida, do not maintain any offices in Florida, do not maintain any employees in Florida, and do not have a registered agent in Florida. (Doc. # 3). However, Plaintiff has presented evidence establishing that Defendants conduct some limited business in Florida by shipping parts to Kaman Aerospace Corporation, which has facilities in both Connecticut and Florida. (Doc. ## 65, 75). In response, Defendants assert that Kaman is their only client located in Florida and that the percentage of sales derived from its business with Kaman's Florida division represents only one percent of its overall gross sales. (Doc. # 74). The Court finds this evidence weighs in Defendants' favor.

Finally, Plaintiff contends that financial difficulties favor litigation in the Middle District of Florida. (Doc. # 25). However, courts within the Eleventh Circuit have not been inclined to deny motions to transfer venue on the basis of financial difficulty absent extreme physical or financial

hardship – particularly when a plaintiff has chosen to enter into an agreement with a foreign corporation.

Of course, great deference is afforded the plaintiff's choice of forum, and "the burden is on the movant to show that the suggested forum is more convenient or that litigation there would be in the interest of justice." Louisiana Fish Fry Prods. v. Corry, 3:07-cv-1224-J-33TEM, 2008 WL 1882264, at *3 (M.D. Fla. Apr. 24, 2008). Defendants have made such a showing in this case. The relevant factors and the transferee forum's familiarity with the governing law weigh in favor of transferring this case. Based upon the totality of the circumstances, the Court finds that the interests of justice will be served by a transfer of this case from the Middle District of Florida, Tampa Division, to the District of Connecticut. Defendants' Motion to Dismiss is therefore denied as moot.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED** that:

(1) Defendants' Motion to Transfer (Doc. # 17) is **GRANTED.**
(2) Defendants' Motion to Dismiss Plaintiff's Complaint for Lack of Personal Jurisdiction, Improper Venue (Doc. # 3) is **DENIED AS MOOT.**

(3) The Clerk is directed to transfer this case to the United States District Court for the District of Connecticut. Thereafter, the Clerk is directed to close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>16th</u> day of April 2012.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel and Parties of Record